ROSEBROUGH MONUMENT
COMPANY, Appellant,

v.

MEMORIAL PARK CEMETERY ASSO-
CIATION, a corporation, Valhalla Cem-
etery, Crematory and Mausoleum Com-
pany, a corporation; Lake Charles Me-
morial Park, Inc., a corporation; Alex-
ander & Sons, Inc., a corporation,
d/b/a Mt. Lebanon Cemetery and Mau-
soleum; Lakewood Park Cemetery,
Inc., a corporation; Sunset Burial
Park, Inc., a corporation; Stanza &
Company Inc., a corporation, d/b/a
Oakgrove Cemetery; Laurel Hill Me-
morial Gardens, Inc., a corporation;
Mason Securities Company, d/b/a Hir-
am Cemetery; Mt. Hope Cemetery and
Mausoleum Company, a corporation;
Southern Securities Company, a corpo-
ration, d/b/a Park Lawn Cemetery, Ap-
pellees.

Nos. 83–1498, 83–2351.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 18, 1983.

Decided June 14, 1984.

Rehearing Denied July 12, 1984.

John Ashcroft, Atty. Gen., Warren D. Weinstein, Robert E. Dolan, Jr., Asst. Attys. Gen., Trade Offense Div., Jefferson City, for amicus curiae State of Mo.

Lewis & Rice, Tucker, Allen & Chubb, Robert S. Allen, Richard A. Ahrens, Biggs, Casserly, Barnes, Fickie & Wolf, Ward Fickie, St. Louis, Mo., for appellees other than Memorial Park Cemetery Ass'n.

Bryan, Cave, McPheeters & McRoberts, Thomas C. Walsh, St. Louis, Mo., for Memorial Park Cemetery Ass'n.

Charles Alan Seigel, Stolar, Heitzmann, Eder, Seigel & Harris, Bernard J. Mellman, James L. Zemelman, St. Louis, Mo., for appellant.

Before HEANEY and McMILLIAN, Circuit Judges, and COLLINSON,* Senior District Judge.

McMILLIAN, Circuit Judge.

Rosebrough Monument Co. appeals from an injunction entered by the District Court[1] for the Eastern District of Missouri upon a remand from this court. The injunction enjoined appellee St. Louis area cemeteries from conditioning sale of interment space on the buyer's purchase of the cemetery's memorial foundation preparation service and approved cemetery rules governing memorial foundation preparation

---

* The Honorable William R. Collinson, United States Senior District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

1. The Honorable H. Kenneth Wangelin, United States Senior District Judge for the Eastern District of Missouri.

by third parties. For modification of the injunction appellant argues that (1) the district court acted beyond the scope of its mandate in approving these rules and (2) certain of the approved rules are unreasonable and an abuse of discretion. In a related appeal, appellant argues that the district court erred in awarding appellant only one-half of its requested attorney's fees. For the reasons set forth below, we modify the approved rules and affirm the injunction as modified. We also affirm the attorney's fees award.

This case began as a suit by appellant seeking $3,300,000 in treble damages and injunctive relief for violation by appellees of § 1 of the Sherman Act, 15 U.S.C. §§ 1–7 (1976). Appellant, a manufacturer of burial monuments and markers which also provides a monument foundation preparation service, alleged that appellees, eleven St. Louis area cemeteries and their trade association, conspired to unreasonably restrain interstate commerce through an illegal tying arrangement. Appellants challenged the cemeteries' rule that required purchasers of cemetery lots to also purchase from the cemetery the cemetery's own memorial foundation preparation service. Following a bench trial, the district court ruled in favor of the cemeteries, concluding that the challenged transaction involved the sale of a single product as a package deal and that the cemeteries' exclusive foundation preparation rule was justified by the cemeteries' ownership interests in the property and their statutory responsibility to provide perpetual care. *Rosebrough Monument Co. v. Memorial Park Cemetery Ass'n*, 505 F.Supp. 525 (E.D.Mo.1980) (*Rosebrough I*). The district court also found that appellant was not injured by the cemeteries' rule and that appellant's evidence of damages was wholly speculative. *Id.* at 530.

On appeal this court reversed the district court on the antitrust question. *Rosebrough Monument Co. v. Memorial Park Cemetery Ass'n*, 666 F.2d 1130 (8th Cir. 1981) (*Rosebrough II*), *cert. denied*, 457 U.S. 1111, 102 S.Ct. 2915, 73 L.Ed.2d 1321 (1982). We held that appellees conspired to unreasonably restrain trade or commerce in violation of § 1 of the Sherman Act and that the tying arrangement was illegal. *Id.* at 1140–45. We rejected appellees' justification for the tying arrangement because appellees failed to meet their burden of showing that multiple entry into the market for foundation preparation "will become unmanageable and that the foundations prepared or markers installed by their private competitors will detract from the appearance [of the cemeteries] or decrease the general services rendered the public." *Id.* at 1146. Recognizing that appellees had a legitimate property interest, we nevertheless concluded that this interest could be protected by less restrictive alternatives such as quality specification guidelines for foundation preparation by third parties. *Id.* at 1145.

In considering what remedy was appropriate, we concluded that the district court's finding that appellant failed to prove the fact of damage was clearly erroneous, but that the finding that appellant failed to satisfy its burden of proof as to the amount of damages was not. We therefore affirmed the denial of damages but directed the district court to award appellant nominal damages in the amount of $1.00 trebled to $3.00. We reversed the district court's denial of injunctive relief and remanded this portion of the cause to the district court for "formulation of an appropriate order," adding that "[a]ppellees, individually or through [their trade association], are free to propose and adopt reasonable rules and guidelines with respect to foundation preparation and installation of monuments by third parties." *Id.* at 1148. Finally, we held that appellant was entitled to reasonable attorney's fees and costs under 15 U.S.C. §§ 15 & 26 (1976 & Supp. IV 1980) and remanded this matter as well to the district court for determination. *Id.*

On remand, the injunction issue was submitted on each party's proposed form of injunction and on the prior record. The district court entered an order enjoining appellees' tying arrangement and requiring

appellees to allow independent monument dealers to perform memorial foundation preparation and installation services

in accordance with rules and regulations which may be adopted by the cemeteries and which may contain any or all of the following provisions:

(1) the cemetery may establish specifications for the foundation of each type memorial which it permits in the cemetery. These specifications shall be the same as the cemetery itself utilizes in preparing foundations for particular type memorials;

(2) the cemetery may schedule, upon reasonable notice, all installations, taking into account weather and ground conditions, cemetery burial services, availability of personnel, etc.;

(3) the cemetery may require that the foundation site be laid out by cemetery personnel;

(4) the cemetery may supervise the foundation and installation process and require the installation meet specifications after inspection and prior to placement of a memorial;

(5) the cemetery may require removal of excavated dirt and cleanup of the installation site;

(6) the cemetery may require

(a) evidence that the installer's employees are covered by workman's compensation insurance and that the installer carries adequate public liability insurance in which the cemetery is a named insured, and

(b) a bond to insure compliance with the rules and regulations;

(7) the cemetery may charge a fee based on its actual labor costs in connection with the third party memorial foundation services; [2]

(8) if the cemetery contributes separately to a fund for the care of memorials, it may require the third party installer to contribute to such fund the same percentage of the charge by said instal-

ler as is contributed by the cemetery from its own installation charge; [3]

(9) the cemetery may require that the installer expeditiously correct any deviations from the specifications. If, after notice, any deviation is not corrected the cemetery may make such corrections at the installer's expense. All such rules and regulations which the cemetery may hereinafter adopt are to be reasonable in nature and application.

*Rosebrough Monument Co. v. Memorial Park Cemetery Ass'n,* No. 77–883 C (1), slip op. at 2–3 (E.D.Mo. Mar. 18, 1983) (order) (*Rosebrough III*). The district court explained that the approved rules, which were based on appellees' proposed injunction order, were designed to preserve accountability and responsibility in the memorial foundation preparation market and to avoid new and fresh disputes over each foundation preparation. *Id.* at 2 (memorandum).

On the attorney's fees issue, the district court determined that under *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), it was required to take into account the significance of appellant's overall relief in fixing reasonable attorney's fees. The district court noted that appellant had won insignificant damages "after expending enormous efforts to prove its claim of well over three million dollars," and awarded appellant $51,293.95, or one-half the requested amount of attorney's fees. *Rosebrough III,* 572 F.Supp. 92 (E.D.Mo.1983). Appellant now appeals from the injunction and the attorney's fee award.

## I. *The Injunction*

Appellant lodges two attacks against the injunction. First, appellant argues the mandate from this court (*i.e., Rosebrough II*) did not authorize the district court to approve any cemetery rules and guidelines within the ambit of the injunction, but specifically relegated the proposal and adoption of rules to the cemeteries. Second, appellant argues even if the district court

---

**2.** As amended by the district court's order dated May 17, 1983.

**3.** As amended by the district court's order dated May 17, 1983.

had the authority to approve rules, certain of the rules actually approved represent an abuse of discretion. Specifically, appellant challenges rules (3), (4), (6)(b), (7) and (8) as violative of this court's holding in *Rosebrough II.*

In *Rosebrough II* we recognized the need to reconcile the goal of open competition in the foundation preparation market with the cemeteries' property interests and statutory obligations. On remand it was clearly within the district court's authority as a court of equity to fashion a remedial decree which would go beyond a mere proscription against the invalid tying arrangement and which would fit the exigencies of this particular case. Furthermore, "it is desirable, in the interests of the court and of both litigants, that the decree [in an antitrust case] be as specific as possible, not only in the core of its relief, but in its outward limits, so that parties may know their duties and unintended contempts may not occur." *International Salt Co. v. United States,* 332 U.S. 392, 400, 68 S.Ct. 12, 17, 92 L.Ed. 20 (1947).

Nevertheless, it was incumbent upon the district court to fashion an order which would, in accordance with *Rosebrough II,* effectively open to competition the market that had been closed by the cemeteries' illegal restraints. We do not believe that the district court's order accomplishes this. By requiring that foundation sites be laid out by cemetery personnel and that the work of third party installers be supervised at a fee, both of which are permitted by the injunction, the cemeteries could gain an unfair competitive advantage over the third party installers and thus maintain the market control which was achieved through the illegal tying arrangements. As we noted in *Rosebrough II,* 666 F.2d at 1139 n. 5 and 1146, there is no evidence in the record to indicate that third party installers cannot lay out the foundation sites and perform their work without cemetery supervision. We therefore hold that rules (3) and (4) be deleted from the injunction.

We believe that rule (6)(b) which allows a cemetery to require a bond from third party installers to insure compliance with the cemetery's specifications is reasonable. Such a requirement would not appreciably add to the third party installer's costs and would therefore have little anti-competitive effect. Furthermore, this requirement would not only serve to protect the cemeteries in the event of non-compliance but would also protect consumers who purchase foundation preparation services from third party installers.

We modify rule (7) to read as follows: "the cemetery may charge a fee based on its actual labor costs to inspect the finished work product of third-party memorial foundation services." This would be a fair accommodation to the cemetery's legitimate concern and need for quality control. Because the cemetery itself would incur labor costs in connection with the inspection of foundations prepared and installed by its own employees, the anti-competitive effect of charging third party installers similar costs should be minimal.

Finally, we hold that rule (8) be deleted from the injunction. In Missouri, an "endowed care cemetery" is required to set aside and deposit in a trust fund a minimum of ten percent of the gross sales price, or five dollars, whichever is greater, for each grave space sold. The income from said fund is to be used only for care and maintenance of the cemetery. Mo.Rev. Stat. §§ 214.320–.330 (1976). A cemetery is not statutorily required to set aside any amount from the price of its installation service. Whether a cemetery chooses to do so should not obligate a third party installer to contribute to a fund to cover the costs of what remains the cemetery's responsibility, *i.e.,* care and maintenance of the cemetery. We believe that the rules permitting the cemetery to require a bond to ensure compliance with the cemetery's installation specifications, to inspect, at a fee, the finished work product of third party installers, and to require correction of any deviations adequately protect a cemetery against incurring care and maintenance costs resulting from third party installations.

The injunction as modified is in keeping with our holding in *Rosebrough II* and strikes the proper balance between the competing interests involved in this case.

## II. *Attorney's Fees*

Appellant argues that the district court erred in reducing its attorney's fees award to one-half of the amount requested because appellant failed to obtain monetary relief except for $3.00 in nominal damages.

The statutory bases for an award of attorney's fees in this case are 15 U.S.C. §§ 15 and 26 (1976 & Supp. IV 1980), which entitle an antitrust plaintiff to recover reasonable attorney's fees as a concomitant to a damage award or injunctive relief.[4]

In *Hensley v. Eckerhart*, 103 S.Ct. at 1939–41, the Supreme Court set forth standards to be applied by the district courts in determining what fee is "reasonable." These standards are applicable for all cases in which Congress has authorized an award of fees to a prevailing party. *Id.* at 1939 n. 7. When a plaintiff succeeds only on some of his or her claims for relief, the district court is directed to focus on the work expended on the successful claims and on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. *Id.* at 1940. The Court explains that there is no precise rule or formula for making these determinations. "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 1941.

The district court has considerable discretion in determining the amount of a fee award. The standard applied by this court in reviewing an attorney's fees award is whether the district court's findings were clearly erroneous as to the factual basis for the award, or whether it committed abuse as to the discretionary margin involved in its allowance. *International Travel Arrangers, Inc. v. Western Airlines, Inc.*, 623 F.2d 1255, 1274 (8th Cir.), *cert. denied*, 449 U.S. 1063, 101 S.Ct. 787, 66 L.Ed.2d 605 (1980). In the present case the district court, which presided over the litigation, was in the best position to evaluate the time and resources expended on appellant's unsuccessful attempt to prove its measure of damages. We find no error or abuse of discretion in the district court's reduction of the attorney's fee award by one-half to account for appellant's failure to obtain any significant money damages.

Accordingly, we modify the injunction as set forth in this opinion, and we affirm the award of attorney's fees in the amount of $51,293.95.

---

**4.** 15 U.S.C. §§ 15 (Supp. IV 1980) provides: "[A]ny person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor … and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

15 U.S.C. § 26 (1976) provides:

Any person, firm, corporation or association shall be entitled to sue for and have injunctive relief in any court of the United States having jurisdiction over the parties, against threatened loss or damage by a violation of the antitrust laws …. In any action under this section in which the plaintiff substantially prevails, the court shall award the cost of suit, including a reasonable attorney's fee, to such plaintiff.