**Donna M. EVANS, Plaintiff,**

v.

**FORD MOTOR COMPANY, a Delaware Corporation, Defendant.**

No. Civ. 4–88–914.

United States District Court,
D. Minnesota,
Fourth Division.

Nov. 7, 1991.

See also 784 F.Supp. 618.

Michael Albert Pinotti, St. Paul, Minn., for plaintiff.

James C. Selmer, Minneapolis, Minn., for defendant.

ORDER

DIANA E. MURPHY, District Judge.

On July 26, 1991, the court entered its findings of fact, conclusions of law, and order for judgment granting judgment to plaintiff Donna Evans on her claims of discriminatory discharge, retaliatory discharge, and sexual harassment. After a stay of execution for supplemental briefing on post-trial motions brought by defendant Ford Motor Company (Ford), the court denied Ford's motions and lifted the stay on October 30, 1991. Now before the court is the motion timely filed by Evans for attorney fees and expenses.

### 1. *Attorney Fees*

The parties agree that the lodestar figure should be calculated on the basis of an hourly rate of $125 for Evans' counsel, and an hourly rate of $35 for counsel's legal assistant. These figures appear appropriate to the court based on the regular hourly rates and the prevailing community rate for similar work. *See H.J. Inc. v. Flygt Corp.*, 925 F.2d 257 (8th Cir.1991).

The parties also agree that Evans is entitled to full attorney fees on all matters upon which she was successful. Evans prevailed on three of her claims against Ford; her claims against her union were dismissed by summary judgment on June 8, 1990. To account for this dismissal, Evans has reduced her claim for the number of hours counsel worked by 15 percent during the period before June 8, 1990. She also has not submitted claims for time spent in preparing three motions to reconsider the dismissal of the union. Her total claim for hours worked is 459.3 hours, plus 20.7 hours by counsel's legal assistant. Multiplied by the reasonable hourly rates, this comes to a total amount of $58,137. Evans also requests supplemental fees for time incurred in defending the post-trial motions (20.7 hours, $2,587.50 total) and submitting the application for fees (10.2 hours, $1,275).

Ford argues that certain hours submitted were spent in unproductive activities, duplicative efforts, or on items requiring minimal legal skill or experience which should properly be delegated to a legal assistant. Ford would reduce the total amount of hours by 56. It would also allocate 10 hours spent by counsel to work that should have been done by a legal assistant. These reductions would result in total fees of $50,237.

The court has reviewed the time records submitted by Evans, Ford's objections, and Evans' response, and determines that Evans' request for hours worked should be reduced by 10.8 hours. This reduction covers time spent requesting continuances for the convenience of Evans' counsel (2/16/89, 11/22/89, 12/11/89, 1.5 hours), excessive time preparing an amended notice of deposition (4/6/89, 1 hour),

unnecessary time objecting to the deposition of Donna Evans (5/11/89, 10/9/89, 1.5 hours), time spent only on work related to claims against the union (1/19/90, 3/1–2/90, 5.9 hours), and time drafting notices of deposition long after discovery had been completed (4/18/91, .9 hour). Ford's other objections to the time spent by counsel are without merit. Ford would reduce certain hours for discovery disputes, but the court is aware that both sides showed some recalcitrance during discovery and these reductions are not warranted. Ford would also reduce certain hours spent on work that related to claims against both Ford and the union, but this is already covered in the general 15 percent reduction. The remaining hours to which Ford objects cover time spent on work that may look fruitless in hindsight, but was reasonable at the time it was undertaken. Multiplied by counsel's reasonable hourly rate, Evans' attorney fees request should be reduced by $1350.

The court determines that certain hours billed at the rate for counsel consists of work that should have been done by a legal assistant. Ten hours of work should be compensated at this reduced rate for a total reduction of $900.

The court also determines that the time spent responding to Ford's post-trial motions and preparing the submissions for attorney fees should be compensated as essential parts of Evans' reasonable fees as the prevailing party. Evans should be awarded $3,862.50 for this work.

The total amount of compensation for reasonable attorney fees to which Evans is entitled is $59,549.50.

Evans argues that the award of attorney fees should be enhanced by a factor of two. She contends enhancement is appropriate because it was difficult to establish her claims, especially against a belligerent corporate giant who made discovery burdensome, because the public benefits from enforcement of the civil rights laws, and because she has been delayed in receiving payment. Ford opposes enhancement, arguing that the lodestar figure already

incorporates the concerns Evans has raised and that she has not shown the kind of exceptional circumstances which would warrant enhancement.

Enhancement may be available where the moving party supplies proof that: (a) the relevant market compensates for contingency cases as a class, rather than proof of any particular risks peculiar to the case in question; and (b) without a risk enhancement plaintiff would have faced substantial difficulties finding counsel in the relevant market. *Morris v. American Nat'l Can Corp.*, 941 F.2d 710, 715 (8th Cir.1991). In addition to this two-part showing, the total fee awarded must be reasonable in light of all the circumstances of the case. *Id.* The moving party has the burden of justifying her entitlement to an enhancement. *Id.*

The court declines to enhance the award of attorney fees under the circumstances shown here. Evans has submitted no materials in support of either required showing under *Morris*. The concerns she raises are already included in the calculation of the lodestar figure and do not warrant enhancement. The court is aware of the effort expended by Evans' counsel and determines that an award of fees under the lodestar figure is reasonable in this case.

2. *Expenses*

Evans has submitted claims for expenses in the total amount of $11,651.11. Ford argues that she has not provided enough information to permit it to respond to these claims, except for two unusual claims which it challenges. Evans subsequently withdrew these two claims, in the total amount of $645.30, but she argues that her other submissions are adequate.

■ Ford also argues Evans' claim for expert witness fees for Mr. Varns in the amount of $2,610 is not permitted under 42 U.S.C. § 1988. Evans contends that this claim is appropriate.

The court has reviewed the detailed breakdown of costs provided by Evans and determines that she has provided sufficient information. Her claim for expert witness fees should be denied because such fees are not available under 42 U.S.C. § 1988.

*See West Virginia Univ. Hosps. v. Casey,* —— U.S. ——, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991). Evans may be reimbursed the standard $30 for witness and mileage costs for Mr. Varns. Her other claims are taxable costs which should be reimbursed, except for the two claims withdrawn. Evans should be awarded costs in the total amount of $8,425.81.

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. plaintiff Donna M. Evans is entitled to attorney fees from defendant Ford Motor Company in the amount of $59,549.50;

2. plaintiff Donna M. Evans is entitled to expenses from defendant Ford Motor Company in the amount of $8,425.81.

LET JUDGMENT BE ENTERED ACCORDINGLY.