United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-1238

_____

| | | |
|---|---|---|
| Mark R. Treece, and Others Similarly Situated; Robert Wortham; David Goodson; Jerry W. Best; Tom Frederick; Donald C. McElhaney; D. W. Miller; Dennis L. Hutchins, | * * * * * * | |
| Appellants, | * * * | Appeal from the United States District Court for the Eastern District of Arkansas |
| v. | * * | |
| City of Little Rock, | * * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted:  January 7, 1998
Filed:  February 19, 1998

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

After partially prevailing in an action under the Fair Labor Standards Act (FLSA), six police officers appeal from an order of the United States District Court[1] for

---

[1]The Honorable James Maxwell Moody, United States District Judge for the Eastern District of Arkansas.

the Eastern District of Arkansas granting a reduced award of attorney's fees and costs. For the reasons discussed below, we affirm.

After the district court entered judgment upon the jury's verdict and awarded appellants a total of $42,461.76 in damages, appellants submitted affidavits from their three New York attorneys and their local counsel seeking a total of $178,221.25 in attorney's fees and $20,166.65 in costs. After concluding that both the hourly rate and the amount of time expended were excessive, and further reducing the lodestar in light of the partial success on the merits, the district court awarded appellants $27,500 in attorney's fees and $7,500 in costs. Appellants appeal only the attorney's fee award.

The FLSA provides that "the court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The district court has the discretion to determine the amount of the fees and costs, and we review the exercise of that discretion for abuse. See Bankston v. Illinois, 60 F.3d 1249, 1255 (7th Cir. 1995).

In calculating reasonable attorney's fees, the district court is to consider several factors in determining the lodestar amount (the reasonable number of hours worked multiplied by the market rate), and in considering adjustments to the total fee award. See Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983); Zoll v. Eastern Allamakee Community Sch. Dist., 588 F.2d 246, 252 & n.11 (8th Cir. 1978) (listing factors).

By considering the number of attorneys involved in presenting plaintiffs' cases, the lack of complexity of issues, and the similarity of plaintiffs' individual claims--all of which are appropriate factors to consider--the district court did not abuse its discretion in reducing the requested lodestar amount. Although the district court did not specifically address fees for the paralegal, we assume any fees the district court deemed appropriate were included in the lump sum award, and we find no abuse of

discretion.  We also conclude the district court was within its discretion in reducing the award based on the limited success achieved.  See H.J. Inc. v. Flygt Corp., 925 F.2d 257, 260 (8th Cir. 1991) (district court's 50% reduction in lodestar based on limited results obtained not abuse of discretion).  Finally, appellants are not entitled to fees for this appeal as they are not prevailing parties.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.