# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2259

_____

Tammy L. Miller; Russell W. Miller,    *
Individually, and as Guardians for,    *
Dustan Gauley, Katie Gauley, Tabitha    *
Miller, Nicholas Miller and Brittany    *
Miller,    *
   *
        Plaintiffs-Appellees,    *
   *   Appeal from the United States
     v.    *   District Court for the Northern
   *   District of Iowa.
Woodharbor Molding & Millworks,    *
Inc.;    *       [PUBLISHED]
   *
        Defendant-Appellant,    *
   *
Todd Piper; Curtis Lewerke; Jon    *
Lewerke,    *
   *
        Defendants.    *

_____

Submitted: April 21, 1999
Filed: April 28, 1999

_____

Before BOWMAN,[*] Chief Judge, FAGG, Circuit Judge, and BOGUE,[**] District Judge.
_____

PER CURIAM.

Woodharbor Molding & Millworks, Inc. (Woodharbor) appeals the district court's decision that Tammy L. Miller was subjected to a hostile work environment in violation of Title VII while employed at Woodharbor. Relying on our existing case law, the district court found that Miller belonged to a protected class, Miller was subjected to unwelcome sexual harassment at the hands of her supervisor, the harassment was based on sex, the harassment affected a term, condition, or privilege of Miller's employment, and Woodharbor knew or should have know of the harassment and failed to take prompt remedial action. See Burns v. McGregor Elec. Indus., Inc., 955 F.2d 559, 564 (8th Cir. 1992). These factors, however, are no longer controlling on the issue of Woodharbor's liability. After the bench trial in this case, the United States Supreme Court decided Burlington Industries, Inc. v. Ellerth, 118 S. Ct. 2257 (1998), and Faragher v. City of Boca Raton, 118 S. Ct. 2275 (1998). In Ellerth and Faragher, the Supreme Court held that an employer will be vicariously liable for a supervisor's sexual harassment of an employee when the employee suffers a tangible employment action such as demotion, undesirable reassignment, or discharge. See Ellerth, 118 S. Ct. at 2270; Faragher, 118 S. Ct. at 2293. Absent a tangible employment action, the Supreme Court held an employer will still be vicariously liable for a supervisor's sexually harassing behavior unless the employer can prove by a preponderance of the evidence a two-part affirmative defense. See Ellerth, 118 S. Ct. at 2270; Faragher, 118 S. Ct. at 2293; see also Newton v. Cadwell Labs., 156 F.3d

_____

[*]The Honorable Pasco M. Bowman stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the end of the day on April 23, 1999. He has been succeeded by the Honorable Roger L. Wollman.

[**]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

880, 883-84 (8th Cir. 1998); Phillips v. Taco Bell Corp., 156 F.3d 884, 889-90 (8th Cir. 1998).

Here, because the parties concede Miller did not suffer a tangible employment action, Woodharbor is entitled to present an affirmative defense. Thus, we reverse the district court's judgment and remand to give Woodharbor the opportunity to show both that it exercised reasonable care to prevent and correct promptly any sexually harassing behavior and that Miller unreasonably failed to take advantage of any preventive or corrective opportunities provided by Woodharbor or otherwise to avoid harm. See Ellerth, 118 S. Ct. at 2270; Faragher, 118 S. Ct. at 2293; Phillips, 156 F.3d at 889.

Woodharbor also appeals the district court's award of attorney's fees to Miller, contending Miller's claimed fees were inadequately documented. We agree. As the district court stated, Miller "failed to consistently identify the subject matter of the work performed" and repeatedly failed "to specify the substance or content of" billed tasks. The district court noted Miller's generalized billing hindered "the court's ability to conduct a meaningful review of both the fee application and of [Woodharbor's] attendant complaints." If the district court concludes on remand that Miller is still entitled to recover on her hostile work environment claim, the district court should request a more detailed billing before awarding attorney's fees or should consider a percentage reduction for inadequate documentation. See Hensley v. Eckerhart, 461 U.S. 424, 436-37, 437 n.12 (1983); H.J. Inc. v. Flygt Corp., 925 F.2d 257, 260 (8th Cir. 1991).

In sum, we reverse the district court's judgment and remand to give Woodharbor the opportunity to present an affirmative defense to Miller's hostile work environment claim. We also reverse the district court's award of attorney's fees to Miller and remand for reconsideration in the event Miller prevails on her claim.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.