# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2052

_____

Tammy L. Miller;                                    *
                                                    *
            Plaintiff-Appellee,                     *
                                                    *
Russell W. Miller, Individually, and               *
as guardian for, Dustan Gauley, Katie              *
Gauley, Tabitha Miller, Nicholas                   *
Miller, and Brittany Miller,                       *
                                                    *
            Plaintiff,                              *   Appeal from the United States
                                                    *   District Court for the Northern
        v.                                          *   District of Iowa.
                                                    *
Woodharbor Molding & Millworks,                    *          [UNPUBLISHED]
Inc.;                                               *
                                                    *
            Defendant-Appellant,                    *
                                                    *
Todd Piper; Curtis Lewerke;                        *
Jon Lewerke,                                        *
                                                    *
            Defendants.                             *

_____

Submitted: April 9, 2001

Filed: April 18, 2001

_____

Before BOWMAN and FAGG, Circuit Judges, and CARMAN,[*] Judge.
_____

PER CURIAM.

Tammy Miller brought a sexual harassment lawsuit against her employer, Woodharbor Molding & Millworks, Inc. The district court[**] found Miller was subjected to a hostile work environment at Woodharbor, granted judgment in Miller's favor, and awarded her $15,000 in damages. After the district court's decision, the United States Supreme Court decided <u>Burlington Industries, Inc. v. Ellerth</u>, 524 U.S. 742 (1998) and <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775 (1998), which hold an employer is not vicariously liable for a supervisor's sexually harassing behavior if the employer can prove a two-part affirmative defense. We reversed and remanded for consideration of that affirmative defense. <u>See</u> <u>Miller v. Woodharbor Molding & Millworks, Inc.</u>, 174 F.3d 948, 949 (8th Cir. 1999) (per curiam). Applying <u>Ellerth</u> and <u>Faragher</u> on remand, the district court concluded Woodharbor failed to prove it exercised reasonable care to prevent and correct sexual harassment and failed to prove Miller unreasonably failed to take advantage of any preventive or corrective opportunities. The district court awarded damages, attorney fees, and postjudgment interest. Woodharbor appeals arguing the district court misapplied the affirmative defense standards. Having carefully considered the record, we conclude the district court properly applied the standards spelled out in <u>Ellerth</u> and <u>Faragher</u>, and affirm on the basis of the district court's thorough analysis. Woodharbor also contends the award of attorney's fees is excessive and unsupportable. We conclude the district court did not abuse its discretion in determining the attorney fee award. We thus affirm the district court's rulings. <u>See</u> 8th Cir. R. 47B.

_____

[*]The Honorable Gregory W. Carman, Chief Judge, United States Court of International Trade, sitting by designation.

[**]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.